R. L. DIBBRELL et al. v. THE GEORGIA HOME INSURANCE COMPANY.

*Printing Record—Rules—Practice in Supreme Court.*

When a printed brief is filed under Rule 12, the party filing it is to be taken as asking a decision at such term and as opposing a continuance, and a motion by the opposite party to continue the case till next term will not be granted unless expressly assented to, or for good cause shown.

MOTION of plaintiff in Supreme Court to strike out order of continuance.

*Mr. A. C. Zollicoffer* (by brief), for plaintiffs. .
*Mr. J. W. Hinsdale,* for defendant.

CLARK, J.: Rule 12 of this Court provides: " When a case is reached on the regular call of the docket, and a printed brief or argument shall be filed for either party, the case shall stand on the same footing as if there were an appearance by counsel." When this cause was reached in the regular call of the docket there was a printed brief on file for plaintiff's counsel, who was not present. The defendant's counsel, who was in Court, moved for a continuance, which was granted, not for any good cause, but because unopposed.

The plaintiff's counsel moves to strike out the continuance, and that the cause stand for decision at this term. His contention is, that by going to the expense of printing and filing a brief, he gave notice that he desired and expected the cause to be disposed of at this term, and that the rule would be of practically little benefit to counsel not residing in Raleigh if, notwithstanding, they must attend in person to prevent the continuance of their cases at the mere motion of the opposite party.

It seems to us that this contention is just, and is based on the proper construction of the rule. When the counsel files his printed brief that is his argument submitted to the Court, and the case stands for decision without further argument, unless he shall see fit to also aid us with an oral argument, or the other side shall present an oral or printed argument, when the case is called. When good cause is shown in support of a motion for continuance, the Court will grant it, whether the opposite party is represented by counsel in person or by brief, but such was not the case here.

The motion for a continuance was improvidently granted and must be stricken out. The counsel for defendant did not submit an oral argument when he had the opportunity, and he cannot do so now, as the district has been passed. The plaintiff is, however, not to be deprived of his right to have the case disposed of at this term, and the defendant

will be allowed ten days from the filing of this opinion to submit a printed brief.

This is the first occasion on which the construction of this rule has been before the Court, and the embarrassment arising as to the conflicting rights of the parties, consequent upon the improper granting of the continuance, cannot again occur.

Motion allowed.